UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LATRINA SCOTT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:25-cv-01284 (UNA) |
| CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. For the reasons explained below, the court dismisses this matter without prejudice.

At the outset, the court denies plaintiff's IFP application. The application is difficult to follow and fails to provide the court with information sufficient to determinate plaintiff's current financial status. She indicates that she is "rich on world," IFP App. at 1, and in her complaint similarly contends that she is the "owner of everything in [the] world," Compl. at 2. She also refuses to provide information about any money she may have in bank accounts, and she attests that she possesses other assets, but she does not estimate their worth or provide any details relating thereto. See IFP App. at 1. She does not report any debts or financial obligations, except for several dependents, but she does not estimate the amount she contributes to their support. *See id*. This is insufficient to establish IFP status.

The complaint fares no better. Plaintiff puzzlingly purports to live at the White House, *see* Compl. at 1–2, and provides no real contact information, in contravention of D.C. LCvR 5.1(c)(1).

She sues the City of Chicago under purported federal question jurisdiction. *See id*. at 3. The rest of the complaint is left blank and presents no claims or allegations. *See id*. at 4–5.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) of requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Furthermore, federal question jurisdiction "must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Here, as presented, neither the court nor defendant can reasonably be expected to identify plaintiff's claims, nor has plaintiff established this court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: June 12, 2025

/s/
AMIT P. MEHTA
United States District Judge